UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

IN RE: Request from the Italy Pursuant to
the Treaty Between the United States of America
and the Italian Republic on Mutual Assistance in
Criminal Matters in the Matter of Unknown(Aldo Moro)
_____ /

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER

The United States is seeking an order appointing a person as a commissioner to collect evidence requested by Italy in its attached treaty request (the "Request") made pursuant to the Treaty Between the United States of America and the Italian Republic of on Mutual Assistance in Criminal Matters, U.S. - Italy, November 9, 1982, as supplemented by the 2006 U.S. – Italy Mutual Legal Assistance Instrument, (the "Treaty") and to seek other orders, as needed, to execute the Request as authorized by the Treaty and 18 U.S.C. § 3512.

The Rome Prosecutor's Office has recently ordered the reopening of the investigation into the May 9, 1978, murder of former Italian Prime Minister Aldo Moro by a terrorist group, the Red Brigades.  Several Red Brigade members were convicted just after the crime occurred, but recent revelations by Ferdinando Imposimato, a former magistrate who investigated the Moro murder, and Vitantonio Raso, who made the first identification of the body, have prompted an investigation into the possible involvement of people other than Red Brigade members.  In addition, Italian journalist Giovanni Minoli recently interviewed former U.S. State Department official Stephen Pieczenik, who made additional statements indicating that others might have been involved.  At the time of the kidnapping, Mr. Pieczenik had been sent by the State

Department to Rome to advise the Italian government on hostage negotiations. As part of the investigation, the Rome Prosecutor is interested in interviewing Mr. Pieczenik. The U.S. Department of Justice, Office of International Affairs has confirmed with the State Department that they have no objection to Mr. Pieczenik providing his testimony.  We have been in contact with the State Department's Diplomatic Security Service which has identified Mr. Pieczenik likely resides in the Southern District of Florida.

In furtherance of the Italian request for assistance, the Assistant United States Attorney Commissioned to this request will subpoena Mr. Pieczenik for his testimony at the U.S. Attorney's Office with the participation of the Rome prosecutor and other Italian law enforcement officials.  Additionally, coordinating these activities with the local office of the Diplomatic Security Service has also been requested.

Furthermore, in accordance with article 14 of the Treaty, the Rome Prosecutor's Office has requested authorization to participate in the execution of this Request along with other Italian officials and/or investigators.   We shall supplement the Application and Memorandum of Law with additional legal materials (Treaty, Request of Assistance, etc.) upon request of the Court.

Pursuant to the Treaty, statute and inherent authority, federal courts may issue orders, as may be necessary, for the production of the evidence requested by Italian authorities, including order(s) appointing a person as a "commissioner" to gather such evidence and establishing the procedures for the production of such evidence.

A.      Authority to Execute the Request

     1.      The Treaty

A treaty constitutes the law of the land.   U.S. Const. art. VI.   The provisions of a treaty have equal footing with acts of Congress and are binding on the courts.   Asakura v. City of

Seattle, Washington, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801);

In re Commissioner's Subpoenas, 325 F.3d 1287, 1291 (11th Cir. 2003).   To the extent that the

provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes

the statute.   Zschernig, et al. v. Miller, Administrator, et al., 389 U.S. 429, 440-441 (1968); In re

Commissioner's Subpoenas, 325 F.3d 1287, 1305-1306 (11th Cir. 2003); United States v. Erato,

2 F.3d 11, 15-16 (2d Cir. 1993).

   The United States and Italy entered into the Treaty for the purpose of promoting judicial

cooperation in criminal matters.   The Treaty obliges each state to provide assistance to the other

in criminal investigations and proceedings.   Article 1(1).   Kinds of assistance covered include

serving and producing documents, executing search and seizure requests, and taking testimony.

Art. 1(2);   cf. Barr v. U. S. Department of Justice, 645 F. Supp. 235, 237 (E.D.N.Y. 1986), aff'd,

819 F.2d 25 (2d Cir. 1987).

   The Treaty empowers federal district courts to execute Italian requests in order to comply

with the United States' legal obligations.   Article 4(1) provides in pertinent part:

> The competent officials of the Requested State shall do everything
> in their power to execute a Request. The courts of the Requested
> State shall issue subpoenas, search warrants or any other process
> necessary in the execution of a Request.

   2.   Statutory Authority Grounding Execution of Requests for Assistance

   The Treaty is designed to be self-executing and requires no implementing legislation,

other than legislation regarding asset forfeiture, which would be applicable only to Article 18.

See Letter of Submittal of Treaty to the President from the Department of State, June 11, 1984;

In re Commissioner's Subpoenas, 325 F.3d 1287, 1291 (11th Cir. 2003).   However, because the

procedural provisions in many treaties are minimal, Federal courts routinely utilized procedures

authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute treaty requests from foreign authorities.   In re Commissioner's Subpoenas, 325 F.3d 1287, 1305-1306 (11th Cir. 2003).   Substantive U.S. law regarding searches, seizures and other compulsory processes further grounded the execution of such assistance requests.

On or about October 19, 2009, the President signed the Foreign Evidence Request Efficiency Act of 2009 (Public Law 111-79), enacting 18 U.S.C. § 3512, the full text of which is attached for the convenience of this Court.   Section 3512 explicitly authorizes a federal court to:

> Issue such orders as may be necessary to execute a Request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

Section 3512 directly empowers the federal courts to execute such requests and separately codifies under Title 18 the longstanding practice and procedures employed by the United States and the federal courts to execute requests by foreign authorities for assistance to the fullest extent possible under U.S. law.   Congress enacted Section 3512 to make it "easier for the United States to respond to these requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme."   155 CONG. REC.   S6,810 (2009)(Statement of Sen. Whitehouse).

B.   Execution of Foreign Requests for Assistance Under the Treaty and Section 3512

1.   Authorization of the Application to This Court

Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a Request from a foreign authority for assistance in the investigation and prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing and restitution.

For purposes of Section 3512, an application is "duly authorized by an appropriate official of the Department of Justice" when the Department of Justice, Criminal Division, Office of International Affairs, has reviewed and authorized the Request and is executing the Request itself or has delegated the execution to another attorney for the government.   In this matter, such authorization and delegation is evidenced by a letter dated March 5, 2014 from the Department of Justice, Criminal Division, Office of International Affairs, received by the United States Attorney, transmitting the Request to this district for execution.

Section 3512(c) authorizes filing the instant application in this district, where the majority (or all) of the evidence is located.

2.    Foreign Authority Seeking Assistance Within Section 3512 and the Treaty

As to the "foreign authority" making the Request, Section 3512(h) provides:

The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

In this matter the Italian Ministry of Justice has been designated Central Authority in Italy for requests made pursuant to the Treaty.

As evidenced by the Request itself and confirmed in the authorization process and again by the undersigned, consistent with Section 3512(a)(1), the foreign authority seeks assistance in the investigation or prosecution of criminal offenses or in proceedings related to the prosecution of criminal offenses.

       3.      <u>Authority of the Federal Courts Under Section 3512</u>

When enacting Section 3512, Congress intended that federal courts facilitate to the fullest extent possible the execution of requests by foreign authorities for assistance in criminal matters and endeavored to streamline and expedite the execution of such requests.  Section 3512 authorizes federal courts to issue "such orders as may be necessary to execute a Request" and specifically includes:   orders for search warrants pursuant to Federal Rule of Criminal Procedure 41; orders for stored wire or electronic communications and related evidence under 18 U.S.C. § 2703; orders for pen registers and trap and trace devices under 18 U.S.C. § 3123; orders for the provision of testimony or a statement or the production of documents or other things, or both; and orders appointing "a person" to direct the taking of testimony or statements or the production of documents or other things, or both.     18 U.S.C. § 3512(a)(1), (2).

The assistance requested by Italy pursuant to the Treaty by its Republic in the instant Request falls squarely within that contemplated by both the Treaty and Section 3512.

C.     <u>Appointment of a Person as Commissioner to Collect Evidence</u>

       1.      <u>Statutory Authorization</u>

Section 3512(b) provides that a federal judge may "issue an order appointing a person to direct the taking of testimony or statements or of the production of documents or other things, or both."   The statute further authorizes the person appointed to issue orders requiring the appearance of a person, or the production of documents or other things, or both; administer any necessary oath; and take testimony or statements and receive documents or other things.

Commensurate with past practice under 28 U.S.C. § 1782, it is anticipated that a federal court would appoint an attorney for the government, typically a federal prosecutor, as "commissioner." However, Section 3512 does not place limits on whom "a person" might be, permitting the court to commission a foreign authority together with an attorney for the government.   See, e.g., In re Letter of Request from the Supreme Court of Hong Kong, 138 F.R.D. 27, 29 (S.D.N.Y. 1991).   "Since the power of the commissioner comes from his appointment, any person who seems appropriate to the court may be appointed commissioner." In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993).

   2.   Procedures for Evidence Collection

Section 3512 (a) specifically empowers a federal judge to issue "such orders as may be necessary" to execute the Request.   This authorization encompasses orders specifying the procedures to be used to collect particular evidence, including procedures requested by the foreign authority to facilitate its later use of the evidence.   In executing a Request made pursuant to a treaty, a court has the obligation to prescribe effective and expeditious procedures designed to promote the purpose of the treaty.   See In re Commissioner's Subpoenas, 325 F.3d 1287, 1305 (11th Cir. 2003).   Nothing in Section 3512 suggests any limitation on a court's power to exercise "complete discretion in prescribing the procedure to be followed" as was available under 28 U.S.C. § 1782.   In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 693 (D.C. Cir. 1989), citing 1964 U.S.C.C.A.N. at 3789.   See   White v. National Football League, et al., 41 F.3d 402, 409 (8th Cir. 1994), cert. denied, 515 U.S. 1137 (1995) (a court may issue whatever process it deems necessary to facilitate disposition of a matter before it); FED.R.CRIM.P. 57(b).

a.      Procedures Authorized by Other Statutes

In addition, Section 3512 references specific U.S. laws for obtaining certain evidence and, by doing so, adopts any statutorily mandated procedures in relation to obtaining orders for search warrants; orders for contents of stored wire or electronic communications or for records related thereto; and orders for a pen register or a trap and trace device.

b.      Orders by the Person Appointed; Commissioner Subpoenas

Section 3512 authorizes the "person" appointed (here, and in past practice under 28 U.S.C. § 1782, the "commissioner") to issue orders "requiring the appearance of a person, or the production of documents or other things or both."    Further, Article 13(1) and 14(1) of the Treaty provides for the issuance of procedural documents, such as subpoenas, to gather evidence:

Article 13(1) provides in pertinent part:

> The Requested State, if necessary, shall compel a person to produce a document, record or article to the same extent as would be required for criminal investigations or proceedings in that State.

Likewise, Article 14(1), relating to testimony, provides:

> A person from whom evidence is sought shall, if necessary, be compelled to appear and testify to the same extent as would be required in criminal investigations or proceedings in the Requested State.

If a federal district court so orders, the commissioner may use the attached form, still entitled "commissioner's subpoena," to obtain the requested evidence. See In re: Commissioner's Subpoenas, 325 F.3d 1287, 1291 (2d Cir. 1993) (incorporating in pertinent part a district court's order directing use of commissioner's subpoenas); United States v. Erato, 2 F.3d 11, 13-14 (2d Cir. 1993) (same).    This commissioner's subpoena is simply a version of the "order" to be issued by the person appointed by the court under Section 3512 to direct the production of evidence.

Section 3512 expressly authorizes the service and enforcement of such orders, or commissioner's subpoenas, anywhere in the United States (i.e., coextensive with the service of subpoenas in U.S. criminal investigations and prosecutions).

      c.    <u>Notice of Evidence Taking</u>

As an initial matter, this application is being made <u>ex parte</u>, consistent with U.S. practice in its domestic criminal matters and its prior practice on behalf of foreign authorities under 28 U.S.C. § 1782. <u>In re Letter of Request from the Crown Prosecution Service of the United Kingdom</u>, 870 F.2d 686, 688 (D.C. Cir. 1989); <u>In re Letters Rogatory from the Tokyo District, Tokyo, Japan</u>, 539 F.2d 1216, 1219 (9th Cir. 1976).

Both Section 3512 and the Treaty at Article 13(1) and 14(1) authorize use of compulsory process in the execution of treaty requests comparable or similar to that used in domestic criminal investigations or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any party other than the recipients (i.e., no notice to targets or defendants), orders and commissioner's subpoenas issued in execution of treaty requests pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. In the absence of a specific Request to provide notice, a district court and U.S. authorities can assume that a requesting foreign authority has provided such notice as the foreign law requires, or that foreign law does not require notice and the requesting foreign authority does not consider notice to be necessary or useful. Accordingly, a federal district court should authorize a commissioner to collect the evidence requested without notice to any party other than the recipient of the commissioner's subpoena except to the extent that a Request asks for specific notice procedures.

d.      Right to Financial Privacy Act

The Right to Financial Privacy Act, 12 U.S.C. c 3401 et seq., does not apply to execution of foreign legal assistance requests.    Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987); In re Letters of Request from the Supreme Court of Hong Kong, 821 F.Supp. 204, 211 (S.D.N.Y. 1993).   Consequently, to the extent that execution of a Request entails production of bank or financial records, notice provisions of the Act do not apply, and the commissioner need not give, nor arrange for the custodian of records to give, notice to an account holder.   (Note that the Act itself applies only to accounts maintained in a person's name and not to corporate, perhaps even partnership, accounts.   United States v. Daccarett, 6 F.3d 37, 50-52 (2d Cir. 1993).)

Conclusion

The instant Request is exactly the type of Request contemplated for execution under Section 3512.   In its sequential legislative efforts relevant to the provision of assistance to foreign authorities, Congress has intended that the United States set an example to other nations by making judicial assistance generously available. See, e.g. In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago, 848 F.2d 1151, 1153-1154 (11th Cir. 1988), cert. denied, 488 U.S. 1005 (1989).   Section 3512 enables the United States to respond "more quickly . . . to foreign evidence requests.   These efforts will assist [the United States] with [its] investigations as foreign authorities will be urged to respond in kind to our evidence requests in a speedy manner."   155 CONG. REC. H10,093 (2009)(Statement of Rep. Schiff).

Accordingly, to execute this Request, the Government moves this Court to issue the attached order pursuant to the Treaty and 18 U.S.C. § 3512 appointing the undersigned Assistant U.S. Attorney as commissioner, authorizing him to take the actions necessary, including the issuance of commissioner's subpoenas, to obtain the evidence requested, to adopt such procedures in receipt of the evidence as are consistent with the intended use thereof.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:      _/s/ Brian K. Frazier_____
Brian K. Frazier
Assistant United States Attorney
Court No. A5500476
99 N.E. 4th Street, 8th Floor
Miami, Florida    33132-2111
Telephone: (305) 961-9009
Facsimile: (305) 536-4675
Email: Brian.Frazier@usdoj.gov

United States Code     Effective: October 19, 2009
Title 18. Crimes and Criminal Procedure
Part II. Criminal Procedure
Chapter 223. Witnesses and Evidence
§ 3512. Foreign requests for assistance in criminal investigations and prosecutions

(a) Execution of request for assistance.--

(1) In general.--Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

(2) Scope of orders.--Any order issued by a Federal judge pursuant to paragraph (1) may include the issuance of--

(A) a search warrant, as provided under Rule 41 of the Federal Rules of Criminal Procedure;

(B) a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703 of this title;

(C) an order for a pen register or trap and trace device as provided under section 3123 of this title; or

(D) an order requiring the appearance of a person for the purpose of providing testimony or a statement, or requiring the production of documents or other things, or both.

(b) Appointment of persons to take testimony or statements.--

(1) In general.--In response to an application for execution of a request from a foreign authority as described under subsection (a), a Federal judge may also issue an order appointing a person to direct the taking of testimony or statements or of the production of documents or other things, or both.

(2) Authority of appointed person.--Any person appointed under an order issued pursuant to paragraph (1) may--

(A) issue orders requiring the appearance of a person, or the production of documents or other things, or both;

(B) administer any necessary oath; and

(C) take testimony or statements and receive documents or other things.

(c) Filing of requests.--Except as provided under subsection (d), an application for execution of a request from a foreign authority under this section may be filed–

(1) in the district in which a person who may be required to appear resides or is located or in which the documents or things to be produced are located;

(2) in cases in which the request seeks the appearance of persons or production of documents or things that may be located in multiple districts, in any one of the districts in which such a person, documents, or things may be located; or

(3) in any case, the district in which a related Federal criminal investigation or prosecution is being conducted, or in the District of Columbia.

(d) Search warrant limitation.--An application for execution of a request for a search warrant from a foreign authority under this section, other than an application for a warrant issued as provided under section 2703 of this title, shall be filed in the district in which the place or person to be searched is located.

(e) Search warrant standard.--A Federal judge may issue a search warrant under this section only if the foreign offense for which the evidence is sought involves conduct that, if committed in the United States, would be considered an offense punishable by imprisonment for more than one year under Federal or State law.

(f) Service of order or warrant.--Except as provided under subsection (d), an order or warrant issued pursuant to this section may be served or executed in any place in the United States.

(g) Rule of construction.--Nothing in this section shall be construed to preclude any foreign authority or an interested person from obtaining assistance in a criminal investigation or prosecution pursuant to section 1782 of title 28, United States Code.

(h) Definitions.--As used in this section, the following definitions shall apply:

(1) Federal judge.--The terms "Federal judge" and "Attorney for the Government" have the meaning given such terms for the purposes of the Federal Rules of Criminal Procedure.

(2) Foreign authority.--The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

(Added Pub.L. 111-79, § 2(4), Oct. 19, 2009, 123 Stat. 2087.)
18 U.S.C.A. § 3512, 18 USCA § 3512
Current through P.L. 111-86 (excluding P.L. 111-84) approved 10-29-09